

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                           Opinion No. O-3785

                          Re: Employment of husband and
                              wife by a state department

          Your letter of July 16, 1941, requests the advice
of this department upon the question whether a husband and
wife may both be employed by a state department under facts
stated as follows:

          The husband was employed June 15, 1941,
     his salary being paid out of an emergency ap-
     propriation made by the 47th Legislature, not
     out of funds appropriated in the departmental
     appropriation bill expiring August 31, 1941.
     The wife was employed during January, 1939,
     and resigned in January, 1941, to work in the
     Legislature during the past session.

          The rider appended to S. B. 427, Acts of the 46th
Legislature, relative to the employment of husband and wife,
reads as follows:

          "Employment of Husband and Wife Restrict-
     ed. None of the foregoing appropriations for
     salaries shall be paid or warrants issued there-
     for by the State Comptroller to any employee
     until the employee shall have filed with the
     head of the department in which he or she is
     employed an affidavit showing his or her mari-
     tal status, and if married, whether or not the
     spouse of such employee is also employed in
     one of the Departments of this State and the
     name of the Department where such spouse is

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

employed, together with the name of such spouse;
the head of such department, in addition to the
statutory affidavit now required to be attached
to all payrolls, shall also set forth in the
payroll affidavit that all of his employees
have made the required affidavit and also set
forth the facts of any said relationship employ-
ment as disclosed by said employees' affidavits,
together with the name of the Department where
such spouse is employed, and if such relation-
ship employment does not exist then said affi-
davit shall so state, and the head of the de-
partment and the State Comptroller shall not ap-
prove for payment or issue warrants or checks
for salaries to either the husband and wife where
both said husband and wife are employed in the
Departments of this State subject, however, to
the following provisions. Affidavits of present
employees shall be made and filed with the heads
of departments of the State within ten days be-
fore the first day of each fiscal year, and
persons thereafter employed shall file such
affidavits before they bigin work; all of said
affidavits shall be preserved by the heads of
departments for which appropriations are made
for at least two years after their dates, which
affidavits shall be open to public inspection;
said employees' affidavits shall be conclusive
evidence of the right of the head of the depart-
ment to approve the payroll, and the payroll af-
fidavit of the head of the department shall be
conclusive evidence to the State Comptroller of
his right to issue the warrants. In the event
the Comptroller shall hold up issuance of any
warrant by reason of these provisions he shall
notify the head of the Department affected of
his action and such warrants shall not be issued
or delivered until the provisions have been com-
plied with to the satisfaction of the State
Comptroller; and in the event the head or heads
of said departments, so employing said husband
and wife, or said husband and wife themselves,
cannot agree on which affected employee is to
be retained in the State's employ, then the

State Comptroller shall issue and deliver the
warrant to the affected employee who has been
continuously employed in the State's service for
the longer period of time, and refuse to issue
and deliver the warrant to the other affected
employee who has been continuously employed in
the State's service for a shorter period of time
than the other affected relative.  The provi-
sions herein shall apply to department heads and
members of Commissions but not to the manager
and matron of the Goree State Farm.  The word
'department' as used herein shall mean those de-
partments named in this Act and the Soil Conser-
vation Board and shall not apply to other agen-
cies of this State and the employees employed
thereby.

"It is further provided that the foregoing
provisions restricting employment of both hus-
band and wife shall not apply to any persons who
were employed and receiving compensation from the
State at any time during the month of January,
1939.

"    .   .   .   "

The first question which arises is whether a person
employed and receiving compensation from one of the state de-
partments covered in the Departmental Appropriation Bill, dur-
ing January, 1939, and therefore within the proviso to the rider,
is taken out of the proviso by reason of the fact that he or
she transfers to another department of the Government.  In other
words, must there by continuity of service from and after Jan-
uary, 1939, in order for the proviso to apply?

This question, we believe, must be answered in the
negative.  There is an entire absence of language indicating
the Legislative intent that continuity of service from and after
January, 1939, is requisite to the application of the proviso.
Such meager indications as are found in the language used re-
flect a contrary intent.  For instance, the use of the words
"at any time" during January, 1939, is incompatible with an in-
tent to require even that there be continuity of service through-
out that month.  And the language of the proviso extending the

exemption to persons "employed and receiving compensation from the State," is broader than the scope of the rider itself, which applies only to "departments," a term specifically defined to include only the departments named in the Act and the Soil Conservation Board. The use of the term "State" in the proviso, in direct apposition to the term "departments" in the rider itself, must be deemed to reflect a deliberate choice of terms by the Legislature, and an intent to extend the exemption to those persons employed by other agencies of the state in January, 1939, who subsequently are employed in the "departments" covered by the rider.

Consequently, we hold that the rider does not apply to the wife in the instance given, since she falls within the proviso.

We are further of the opinion that, since the wife is within the proviso, and the prohibition is bilateral, the rider cannot be applied to the husband. To do so would put the department heads or the husband and wife to their election as to which should be retained in the State's employ, and this would be to apply the Act to the exempted person in violation of the terms of the proviso.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      (signed)
                R.f W. Fairchild
                Assistant

RWF;db/JCP

Approved July 28, 1941
(S) Grover Sellers
First Assistant
Attorney General

Approved Opinion Committee
by B.W.B., Chairman